**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10045 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00010-RVM-1 |
| v. | |
| YOUZHE PIAO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, District Judge, Presiding

Submitted September 14, 2021**

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Youzhe Piao appeals from the district court's judgment and challenges the

two-month sentence imposed following his jury-trial conviction for conspiracy to

unlawfully produce an identification document, in violation of 18 U.S.C.

§ 1028(a)(1), (f).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Piao first argues that the district court procedurally erred by basing the sentence on the unsupported assumption that Piao caused an 11-year delay in resolving a previous criminal charge. We review for plain error, *see United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013), and conclude there was none. Piao has not shown that the court relied on any findings that were "illogical, implausible, or without support in the record." *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010). Moreover, because the court relied on numerous other factors—including the circumstances of the offense, the length of time that Piao was unlawfully present and working in the United States, and his criminal history—Piao has not shown a reasonable probability that he would have received a different sentence in the absence of any alleged error. *See Christensen*, 732 F.3d at 1102.

Piao also contends that the two-month sentence is substantively unreasonable because other similarly-situated defendants received significantly shorter sentences. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Piao's criminal history and the need to promote respect for the law. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**